UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MARC D. FLORIAN, an individual; JOHN J.
FLORIAN, an individual acting on behalf of
himself and the Florian Family Trust; and
DANA L. WAGEMAKER, an individual,

        Plaintiffs,

      v.

MICHIGAN DEPARTMENT OF
NATURAL RESOURCES, a Michigan
agency; GERALD THAYER, in his capacity
as District Law Supervisor,

        Defendants.

File No. __1:21-cv-265_____

_____
U.S. District Judge

---

## VERIFIED COMPLAINT

---

### INTRODUCTION

1.    Plaintiffs challenge the constitutionality of Defendants' application of Chapter 3, Section 3.401 of the Wildlife Conservation Order (the "WCO"). As applied to Plaintiffs, the WCO seizes ownership of private property, restricts the vested right to use private property, and does so through retroactive application to structures built on private property long before the WCO took effect. Failure to comply with the WCO's restrictions on these constitutionally protected property rights will result in substantial civil and criminal sanctions.

2.    Plaintiff Marc D. Florian owns approximately 1.87 acres of property that abuts North Grand Mere Lake (the "Florian Property").

3.    Plaintiff John J. Florian owns approximately 47.89 acres of property that abuts North Grand Mere Lake (the "Family Trust Property", and together with the Florian Property, the "Florian Properties").

4.      More than 35 years ago (i.e., by at least 1986), Marc Florian built a permanent waterfowl blind and affixed it to private property: the bottomlands on the west side of North Grand Mere Lake directly in front of Plaintiff Marc Florian's property. For more than 35 years, the waterfowl blind has been continuously affixed to the Florians' privately owned bottomlands, and the Florians have continuously maintained the waterfowl blind.

5.      Similarly, more than 50 years ago (i.e., by at least 1971), John Florian built a permanent waterfowl blind and affixed it to private property: the bottomlands on the east side of North Grand Mere Lake directly in front of the Family Trust Property.  Since it was built, this second waterfowl blind has also been continuously affixed to the privately owned bottomlands. For more than 35 years, the Florians have allowed Plaintiff Dana L. Wagemaker to continuously use and maintain this second waterfowl blind. Plaintiff Wagemaker has a property interest in the continued use of this second waterfowl blind.

6.      Each waterfowl blind is a permanent, immovable structure, affixed to subaqueous lands that the Florian Plaintiffs own.

7.      The WCO was enacted into law in 1989, years after each of the permanent waterfowl blinds had already been built.  Under the WCO, all waterfowl blinds must be removed from any public inland lake or any lake that is not wholly owned by a single person no later than 16 days after the end of the calendar year.  Failure to do so will result in a criminal charge and civil fine.  The permanent blinds used by Plaintiffs Marc Florian and Dana Wagemaker were each erected well before the enactment of the WCO and have been maintained continuously since.  Until recently, Plaintiffs Marc Florian and Dana Wagemaker were not required to remove their permanent blinds, nor were they charged with any violation of the WCO.

8.      More than 30 years after the enactment of the WCO, Defendants have now charged Plaintiffs Marc Florian and Dana Wagemaker with misdemeanor criminal charges that carry with them a hefty fine, and will continue to prosecute these Plaintiffs with such charges unless and until said Plaintiffs remove their longstanding waterfowl blinds.

9.      Because of its explicit restrictions, penalties, and sanctions on the use of private property, and because of its application by Defendants to the Florian Properties, the WCO as applied in this case, constitutes: (1) an unlawful taking and seizure in violation of the Fourth and Fifth Amendments; (2) an unconstitutional condition on the use of property under the Fifth and Fourteenth Amendments; and (3) an ex post facto law in violation of both the U.S. and Michigan Constitutions.

## JURISDICTION AND VENUE

10.     Plaintiffs bring this civil-rights lawsuit pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and the Declaratory Judgments Act, 28 U.S.C. § 2201, for violations of rights, privileges, and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

11.     Defendants are domiciliaries of the state Michigan such that this Court has personal jurisdiction over them.

12.     Plaintiffs seek injunctive and declaratory relief against Defendants because the WCO as applied to Plaintiffs violates their rights under both the U.S. and Michigan Constitutions. Accordingly, this Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 (federal-question jurisdiction), § 1343 (civil-rights jurisdiction), and § 1367 (supplemental jurisdiction). These matters are ripe for this Court's jurisdiction.

13.     Venue is appropriate in this Court under 28 U.S.C. §1391(b)(1) and (2) as Defendants are both located within the judicial district wherein Plaintiffs' Property is situated, and the actions set forth herein occurred, within the territorial jurisdiction of this Court.

## THE PARTIES

14.     Plaintiffs Marc D. Florian and John J. Florian (the "Florians") are each residents of the State of Michigan. The Florians own properties, which abut North Grand Mere Lake, in Berrien County, Michigan, that have been used for both residential and recreational purposes. Included among these properties are the subaqueous lands upon which two permanent waterfowl blinds have been affixed for more than 35 years.

15.     Plaintiff Dana L. Wagemaker ("Wagemaker") is also a resident of the State of Michigan. With the permission of the Florians, Wagemaker has for more than 35 years maintained the permanent waterfowl blind located on the east side of North Grand Mere Lake directly in front of Plaintiff John Florian's property.

16.     Defendant Lieutenant Gerald Thayer is the District Law Supervisor for the Michigan Department of Natural Resources at the Plainwell Customer Service Center and is sued in his official capacity. As District Law Supervisor, Defendant Thayer is responsible for the conservation, protection, and management of the state's natural and cultural resources within District 7 of the Michigan Department of Natural Resources.

17.     Defendant Michigan Department of Natural Resources ("DNR") is the state natural resources agency responsible for conserving, protecting, and managing the state's natural and cultural resources, including North Grand Mere Lake. DNR issued the citations charging Plaintiffs Marc Florian and Dana Wagemaker with a violation of the WCO.

**FACTS**

18.    The Florian Properties abut North Grand Mere Lake and include full riparian ownership rights to the subaqueous land associated with each parcel.

19.    For more than 35 years, the Florian Properties have included two immovable waterfowl blinds that are permanently affixed to the bottomlands of North Grand Mere Lake ("Florian Blinds").   The Florian Blinds have independent economic value in themselves. Additionally, the Florian Blinds significantly enhance the value of the real properties to which they are affixed.  The real properties to which each waterfowl blind is affixed has particular value for use in waterfowl hunting given their waterfront locations and the permanent nature of each waterfowl blind.  Removal of the Florian Blinds would deprive Plaintiffs of the value and use of the waterfowl blinds and would also cause a significant and irreparable damage to the value of the Florian Properties to which each of the waterfowl blinds are attached.

20.    The Florian Blinds have existed for so long that they have become a nesting site for birds and waterfowl, a habitat for variety of aquamarine life, and destinations for birders and fisherman alike.  The Florian Blinds are not temporary blinds.  They are permanent structures that for more than 35 years have been permanent fixtures in the landscape of the North Grand Mere Lake.  Removal of the blinds is a taking of the blinds.

21.    The WCO prohibiting permanent waterfowl blinds on inland lakes and requiring removal of such blinds no later than 16 days after the end of the calendar year became effective March 31, 1989, years after those structures were built.

22.    On August 18, 2020, and more than 30 years following the enactment of the WCO, Defendants issued citations to Plaintiffs Marc Florian and Dana Wagemaker for violations of the WCO.

23.    The arraignments on the violations have each been adjourned pending the outcome of this complaint.

24.    Unless enjoined by this Court, Plaintiffs Marc Florian and Dana Wagemaker face fines amounting to $50–$500 each and/or up to 90 days in jail and will be required to remove the longstanding waterfowl blinds at significant cost, thereby being unconstitutionally restricted in the use of the Florian Properties and the vested property rights attached thereto.

**COUNT ONE**
**VIOLATION OF FIFTH AMENDMENT,**
**TAKINGS CLAUSE AND 42 U.S.C. §1983**

25.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 24 of this Complaint.

26.    Under the Fifth Amendment to the United States Constitution, the government may not engage in or authorize a taking of private land without providing just compensation.  This self-executing prohibition is incorporated against the states through the Fourteenth Amendment and further made enforceable by 42 U.S.C. § 1983, which forbids persons acting under the color of state law from depriving individuals of their federally protected rights.

27.    When government excludes an owner from using his private property without paying compensation, it effects a taking.

28.    As applied to Plaintiffs, the WCO effectively grants Defendant DNR a controlling interest in the waterfowl blinds on the Florian Properties and to the real properties to which the blinds are attached. By claiming a right to control the use of the waterfowl blinds on the Florian Properties and by issuing citations with corresponding fines, Defendants have made a claim to ownership over the waterfowl blinds and to the real properties to which the waterfowl blinds are attached. Further, applying the WCO to those blinds excludes the Florians from using their own privately owned waterfowl blinds.

6

29. The Takings Clause protects real and intangible property. Each waterfowl blind permanently affixed to the Florian Properties is a protected property interest, and the control and resulting fines by Defendants is a taking.

30. The government may not confiscate the Florian Properties without paying just compensation. Once removed, the permanent waterfowl blinds are useless and the value of the Florian Properties is reduced. Removal of the blinds, as demanded by the government, is a taking of the waterfowl blinds and a property right vested in the Florian Properties. The government, using criminal prosecution, is effectively taking valuable property and property rights from the Florians.

31. This claim is ripe for immediate resolution in this Court. *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019).

32. Plaintiffs have suffered a deprivation of rights, privileges, and immunities secured by the U.S. Constitution and laws, and the deprivation was caused by Defendants acting under the color of law.

**COUNT TWO**
**VIOLATION OF THE TAKINGS CLAUSE OF THE**
**MICHIGAN CONSTITUTION OF 1963, ARTICLE 10, § 2**

33. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 32 of this Complaint.

34. Under Article 10, § 2, of the Michigan Constitution of 1963, the government likewise may not take private property for public use without just compensation therefore being first made or secured in a manner prescribed by law.

35. Defendants have filed charges against Plaintiffs Marc Florian and Dana Wagemaker for violations of the WCO with regard to the waterfowl blinds.

36.    Defendants' actions will result in an unconstitutional taking of the Florian Properties, including the waterfowl blinds, and of Plaintiff Wagemaker's property interest in using one of these blinds, in violation of the state Takings Clause.

**COUNT THREE**
**VIOLATION OF EQUAL PROTECTION CLAUSE UNDER**
**FOURTEENTH AMENDMENT, 42 U.S.C. § 1983**

37.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 36 of this Complaint.

38.    Under the Fourteenth Amendment to the U.S. Constitution, the government may not treat similarly situated people differently based on arbitrary and irrational bases.

39.    Upon information and belief, other property owners across the state continue to maintain permanent waterfowl blinds on private and publicly owned bottomlands in violation of Chapter 3, Section 3.401 of the WCO and have not been issued citations.

40.    Upon information and belief, Defendant DNR itself maintains and operates permanent waterfowl blinds at DNR-managed hunt units and game areas across the state in violation of the WCO.

41.    Upon information and belief, Defendant DNR has continued to knowingly allow permanent waterfowl blinds constructed and maintained by private persons to exist at other DNR-managed game areas in violation of the WCO.

42.    Defendants have without any rational basis acted intentionally and arbitrarily in discriminating against Plaintiffs and punishing Plaintiffs in a manner that is both substantially different from those similarly situated property owners and hypocritical with regard to Defendant DNR's own actions.

## COUNT FOUR
## EX POST FACTO LAW IN VIOLATION OF
## ARTICLE I, § 10 OF THE U.S. CONSTITUTION

43.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42 of this Complaint.

44.    Under article I, § 10 of the U.S. Constitution, "[n]o State shall . . . pass any . . . ex post facto law . . . ."

45.    The WCO has the force and effect of law and is enforced through criminal charges, such as the misdemeanor criminal charges DNR has brought against Plaintiffs.

46.    At the times when Plaintiffs built the permanent waterfowl blinds on their private properties, their conduct was innocent: the WCO was not yet in effect and, upon information and belief, no other law in effect before 1989 prohibited Michigan property owners from building permanent waterfowl blinds on their own property.

47.    Because the WCO punishes as a crime an act committed before the WCO took effect, and that act was innocent when done, applying the WCO retroactively to the prior conduct of Plaintiffs Marc Florian and Dana Wagemaker violated the U.S. Constitution's prohibition against ex post facto laws.

## COUNT FIVE
## EX POST FACTO LAW IN VIOLATION OF
## ARTICLE I, § 10 OF THE MICHIGAN CONSTITUTION

48.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 47 of this Complaint.

49.    Under article I, § 10 of the Michigan Constitution, "[n]o . . . ex post facto law . . . shall be enacted."

50.    The WCO has the force and effect of law and is enforced through criminal charges, such as the misdemeanor criminal charges DNR has brought against Plaintiffs.

9

51.     At the times when Plaintiffs built the permanent waterfowl blinds on their private properties, their conduct was innocent: the WCO was not yet in effect, and, upon information and belief, no other law in effect before 1989 prohibited Michigan property owners from building permanent waterfowl blinds on their own property.

52.     Because the WCO punishes as a crime an act committed before the WCO took effect, and that act was innocent when done, applying the WCO retroactively to the prior conduct of Plaintiffs' Marc Florian and Dana Wagemaker violated the Michigan Constitution's prohibition against ex post facto laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant the following relief:

1.      For a declaration that the WCO as applied to Plaintiffs and the criminal charges and fines levied on Plaintiffs violate the Takings Clauses of the United States and Michigan Constitutions;

2.      For a declaration that the WCO as applied to Plaintiffs and the criminal charges and fines levied on Plaintiffs violate the Ex Post Facto Clauses of the United States and Michigan Constitutions

3.      For issuance of preliminary and permanent injunctions restraining Defendants from any further proceedings involving the Plaintiffs and the Florian Properties;

4.      For an award of compensatory damages against Defendant Thayer;

5.      For an award of just compensation for any taking by Defendants;

6.      For an award of attorney's fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and,

7.      For such other and further relief as to the Court seems just and equitable.

I, Marc D. Florian, affirm under the penalties of perjury, that the forgoing factual statements are true and accurate to the best of my knowledge.

Dated: 3/22/2021

MARC D. FLORIAN

I, John J. Florian, affirm under the penalties of perjury, that the forgoing factual statements are true and accurate to the best of my knowledge.

Dated: 3/22/21

JOHN J. FLORIAN

I, Dana L. Wagemaker, affirm under the penalties of perjury, that the forgoing factual statements are true and accurate to the best of my knowledge.

Dated: _____

DANA L. WAGEMAKER

_____

Dated: _____

BARNES & THORNBURG LLP

*/s/ Tracy Knox*
Tracy Knox (P51170)
Scott Dienes (P53066)
BARNES & THORNBURG LLP
201 S. Main Street
Suite 400
South Bend, IN 46601
Telephone:  574.233.1171
Tracy.Knox@btlaw.com
Scott.Dienes@btlaw.com
*Attorneys for MARC D. FLORIAN,*

11

I, Marc D. Florian, affirm under the penalties of perjury, that the forgoing factual statements are

true and accurate to the best of my knowledge.

Dated: _____                          MARC D. FLORIAN

_____


I, John J. Florian, affirm under the penalties of perjury, that the forgoing factual statements are

true and accurate to the best of my knowledge.

Dated: _____                          JOHN J. FLORIAN

_____


I, Dana L. Wagemaker, affirm under the penalties of perjury, that the forgoing factual statements

are true and accurate to the best of my knowledge.

Dated: *3/23/21*                            DANA L. WAGEMAKER

                                            *Dana L. Wagemaker*

Dated: _____                          BARNES & THORNBURG LLP

                                            /s/ Tracy Knox
                                            Tracy Knox (P51170)
                                            Scott Dienes (P53066)
                                            BARNES & THORNBURG LLP
                                            201 S. Main Street
                                            Suite 400
                                            South Bend, IN 46601
                                            Telephone: 574.233.1171
                                            Tracy.Knox@btlaw.com
                                            Scott.Dienes@btlaw.com
                                            *Attorneys for MARC D. FLORIAN,*

I, Marc D. Florian, affirm under the penalties of perjury, that the forgoing factual statements are true and accurate to the best of my knowledge.

Dated: _____                                   MARC D. FLORIAN


_____


I, John J. Florian, affirm under the penalties of perjury, that the forgoing factual statements are true and accurate to the best of my knowledge.

Dated: _____                                   JOHN J. FLORIAN


_____


I, Dana L. Wagemaker, affirm under the penalties of perjury, that the forgoing factual statements are true and accurate to the best of my knowledge.

Dated: _____                                   DANA L. WAGEMAKER


_____


Dated:  March 23, 2021                                 BARNES & THORNBURG LLP

                                                       */s/ Tracy Knox*_____
                                                       Tracy Knox (P51170)
                                                       Scott Dienes (P53066)
                                                       BARNES & THORNBURG LLP
                                                       201 S. Main Street
                                                       Suite 400
                                                       South Bend, IN 46601
                                                       Telephone:  574.233.1171
                                                       Tracy.Knox@btlaw.com
                                                       Scott.Dienes@btlaw.com
                                                       *Attorneys for MARC D. FLORIAN,*

11

*an individual; JOHN J. FLORIAN, an individual acting on behalf of himself and the Florian Family Trust; and DANA L. WAGEMAKER, an individual*